IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-451-BO

DAVID REYES, )
 )
        Plaintiff, )
 )
v. ) O R D E R
 )
WALTER A. CIOCCIA, )
 )
        Defendant. )

This cause comes before the Court on defendant's motion to dismiss and plaintiff's motions to strike defendant's motion to dismiss and for leave to file electronic evidence. The appropriate responses or replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling. For the reasons that follow, defendant's motion to dismiss is granted and this action is dismissed in its entirety.

## BACKGROUND

Plaintiff instituted this action by filing a complaint *pro se*. In his complaint, plaintiff alleges that defendant has continually harassed and slandered plaintiff since November 2014. Specifically, plaintiff alleges that defendant hired a number of individuals to go on dates with plaintiff, talk with him on social media sites, or meet plaintiff while at bars or travelling for the purpose of teasing plaintiff or otherwise sabotaging plaintiff and spreading slanderous lies about him. The acts of which plaintiff complains took place from 2014 through April 17, 2021. Plaintiff seeks $250,000.00 in damages.

DISCUSSION

Defendant seeks to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). The Court holds a *pro se* litigant's pleading to less stringent standards. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, this less stringent standard does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555 (2007)).

Plaintiff alleges he is a resident of Raleigh, North Carolina and that defendant is a resident of Long Valley, New Jersey, and thus the Court assumes that plaintiff proceeds under its diversity jurisdiction on a state law claim of defamation. *See* 28 U.S.C. § 1332. Federal courts sitting in diversity must apply the substantive law of the states in which they sit, including those states' choice-of-law rules. *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 599–600 (4th Cir. 2004). In North Carolina, the law of the situs of the claim traditionally is applied to determine which law governs "tort or tort-like" claims. *SciGrip, Inc. v. Osae*, 373 N.C. 409, 420 (2020). North Carolina courts interpret the situs of the claim as the "state where the plaintiff was

injured" or the state "where the last act occurred giving rise to the injury." *Harco Nat. Ins. Co. v. Grant Thornton LLP*, 206 N.C. App. 687, 694 (2010) (internal quotations and citations omitted).

The complaint appears to allege that the slanderous statements were made primarily in North Carolina, but also in New Jersey and outside the United States while plaintiff was travelling. To recover for defamation under North Carolina law, "a plaintiff must allege that the defendant caused injury to the plaintiff by making false, defamatory statements of or concerning the plaintiff, which were published to a third person." *Boyce & Isley, PLLC v. Cooper*, 153 N.C. App. 25, 29 (2002). Similarly, "[u]nder New Jersey law, the elements for written and oral defamation (slander) are as follows: (1) a false and defamatory statement concerning the plaintiff, (2) communicated to a third party, with (3) a sufficient degree of fault." *Sivells v. Sam's Club*, No. CV147650KMMAH, 2017 WL 3151246, at *9 (D.N.J. July 25, 2017). North Carolina has a one-year statute of limitation for defamation claims, and the cause of action begins to accrue at the date of publication of the defamatory words. *Merritt, Flebotte, Wilson, Webb & Caruso, PLLC v. Hemmings*, 196 N.C. App. 600, 611 (2009). New Jersey law also applies a one-year statute of limitations for defamation claims. *Daley v. Egg Harbor City*, No. CV 16-2654 (JBS/AMD), 2018 WL 6110932, at *2 (D.N.J. Nov. 21, 2018).

Defendant first contends that to the extent plaintiff's claims concern allegedly slanderous statements which occurred prior to November 2, 2020, those claims are barred by the one-year statute of limitations. The Court agrees, because whether plaintiff's claims are considered under North Carolina or New Jersey law, a one-year statute of limitations applies. The only portion of plaintiff's allegations which arose within the statute of limitations concerns defendant's alleged hiring of a man named Ethan to hang out with plaintiff in Raleigh, North Carolina during April

3

2021. This allegation plainly fails to state a claim for defamation upon which relief can be granted under the standard set forth above.

In lieu of a response to the instant motion to dismiss, plaintiff filed a motion to strike defendant's motion to dismiss pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure. At the outset, the Court notes that motions to strike pursuant to Rule 12(f) concern pleadings, not motions. *See* Fed. R. Civ. P. 12(f). However, even construing plaintiff's motion liberally and as a response to the motion to dismiss, plaintiff has failed to demonstrate any ground for relief nor has he shown that defendant's motion to dismiss should be denied.

In his motion to strike, plaintiff contends that defendant has overlooked that the allegations in the complaint constitute harassment and that plaintiff has suffered extreme mental distress, financial burdens, and personal hardships over the last seven years based upon the torts of invasion of privacy, intentional infliction of emotional distress, defamation, and mental abuse. Plaintiff further contends that defendant has been able to keep plaintiff isolated from people by using the tactics described in the complaint as well as through the use of plaintiff's personal cell phone and computer data to which defendant received access from corrupt police detectives. Plaintiff contends that defendant's harassment caused plaintiff to voluntarily place himself as an inpatient at a New Jersey hospital due to emotional distress and that defendant's conduct was so extreme and outrageous that it caused plaintiff to attempt suicide in August 2018.

Although plaintiff has not sought leave to amend his complaint, the Court construes liberally the new allegations contained in his motion to strike as a motion for leave to amend. However, granting leave to amend to include claims for invasion of privacy, intentional infliction of emotional distress, and mental abuse would be futile as plaintiff's new conclusory allegations

4

do not state a claim for relief. *See Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

It is unclear from plaintiff's allegations where plaintiff's privacy was allegedly invaded, and the Court thus considers the claim under North Carolina law. North Carolina recognizes an invasion of privacy claim based upon "intrusion upon the plaintiff's seclusion or solitude or into his private affairs". *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 29 (2003); *see also Villanova v. Innovative Investigations, Inc.*, 420 N.J. Super. 353, 360 (App. Div. 2011) (discussing claim for intrusion of plaintiff's privacy under New Jersey law). "Generally, there must be a physical or sensory intrusion or an unauthorized prying into confidential personal records to support a claim for invasion of privacy by intrusion" and the "conduct required to support this claim must be so egregious as to be highly offensive to a reasonable person." *Id.* (internal quotation and citation omitted).

Plaintiff's proposed amendments reference defendant having had access to plaintiff's personal cell phone and computer data after it was provided to defendant by corrupt police detectives.[1] However, plaintiff fails to allege that defendant himself has intentionally invaded plaintiff's privacy. *See Keyzer v. Amerlink, Ltd.*, 173 N.C. App. 284, 289 (2005) (plaintiff must articulate how "personal affairs or private concerns were intruded upon."). In other words, plaintiff's conclusory allegation that defendant had access to plaintiff's cell phone and computer data is simply insufficient to support an invasion of privacy claim.

Although it is somewhat unclear where plaintiff is alleged to have suffered from defendant's alleged intentional infliction of emotion distress, plaintiff does allege that defendant's conduct caused him to attempt suicide in New Jersey, and the Court thus considers the claim under

---

[1] In his original complaint, plaintiff alleges that defendant was obtaining plaintiff's personal data from corrupt police detectives.

both North Carolina and New Jersey law. To prevail on a claim for intentional infliction of emotional distress ("IIED") under North Carolina law, a plaintiff must show "(1) extreme and outrageous conduct; (2) which is intended to cause and does cause (3) severe emotional distress to another." *May v. City of Durham*, 525 S.E.2d 223, 230 (N.C. 2000). The same elements are required to be proven for an IIED claim under New Jersey law. *DeAngelis v. Hill*, 180 N.J. 1, 20 (2004). "Conduct is extreme and outrageous when it is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Smith-Price v. Charter Behavioral Health Sys.*, 595 S.E.2d 778, 782 (N.C. App. 2004); *see also K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ.*, 431 F. Supp. 3d 488, 516 (D.N.J. 2019) (same).

Plaintiff's allegations would not support a finding that defendant engaged in extreme and outrageous conduct. Plaintiff has alleged that defendant has hired people to befriend, tease, or spread lies about plaintiff. Even when taking these allegations as true, they do not rise to the level of extreme and outrageous conduct. Although in his reply in support of his motion to strike plaintiff appears to attempt to allege a claim for negligent infliction of emotional distress, he fails to identify conduct by defendant that could be deemed negligent.

Finally, the Court is unaware of any stand-alone civil claim under North Carolina or New Jersey law for mental abuse or harassment. In sum, plaintiff's original complaint and proposed amended allegations do not plausibly state claims upon which relief can be granted. The complaint is therefore properly dismissed and the motion to strike is appropriately denied. Plaintiff's request for leave to file electronic evidence is denied.

6

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to dismiss [DE 7] is GRANTED and plaintiff's motions to strike [DE 10] and for leave to file electronic evidence [DE 12] are DENIED. The clerk is DIRECTED to close the case.

SO ORDERED, this 27 day of April 2022.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE